In Re: Estate of Hetem Hassen, also known as Hethem Hasson, Deceased.

24

Argued April 28, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*M. E. Evashwick,* for appellant.

*Julius L. Schoenberg,* for appellee.

Opinion by Parker, J., July 14, 1933:

Harry Goldwasser presented to the administrator of the estate of Hetem Hassen, deceased, a claim for $570 for rent. The administrator filed an account without allowing the claim and submitted to the orphans' court such account for the purpose of making distribution. After hearing, the auditing judge disallowed the claim, exceptions were filed by the claimant, and the court in banc allowed the claim. Shall we accept the conclusions of the auditing judge or those of the court in banc? The rule is well settled that where a chancellor's findings are affirmed by the court in banc and such findings are supported by

proof sufficient to require their submission to a jury in a trial of law, we are concluded thereby: Belmont Lab. Inc. v. Heist, 300 Pa. 542, 546, 151 A. 15; More v. People's Bank & Trust Co., 297 Pa. 252, 146 A. 896. Where the proof is not sufficient to submit to a jury, the findings cannot be sustained. In cases where findings of fact depend upon the credibility of witnesses whom the chancellor saw and heard, great weight is to be given to such findings. The court in banc can properly disregard such findings only in a clear case and then by putting upon record its reasons for so doing: Belmont Lab. Inc. v. Heist, supra. In the instant case, the court in banc gave reasons for its action, and in addition the auditing judge who disallowed the claim sat as a member of the court in banc, joined with two other members of the court in allowing the claim, wrote the opinion, and gave the reasons for disregarding the former findings.

The claimant rented to Hetem Hassen a store room and six living rooms for the term of two years commencing May 1, 1929, and expiring April 30, 1931, by written lease for a gross rental of $1,920, payable at the rate of $80 per month in advance. After May 1, 1931, Goldwasser distrained for rent due and placed the warrant in the hands of a constable, G. N. Cargo. Hassen signed a waiver of appraisement, and the property on the premises was sold to Goldwasser for the price of $70. The constable was called as a witness and testified to the making of the levy and sale of the goods, but was unable to remember the amount of rent for which distraint was made. A witness, I. Samuels, was called who testified that he was in the store of Mr. Hassen in April, 1931, and there met Goldwasser, when he heard a conversation between those two on the subject of rent; that Goldwasser claimed that the amount of rent was "six hundred dollars and something;" and that Hassen said he expected

to get some money from the government or some other place. A check was produced dated February 10, 1931, on the Peoples State Bank of East Pittsburgh, signed by Hetem Hassen to the order of Harry Goldwasser for $80, on which check was written, "August Rent, 1930." From the admissions of the defendant, it appeared that this check was written by one of the daughters of the decedent and was signed by him, and that the premises were occupied by Hassen until May 1, 1931. The present appellant, the widow of the decedent, was represented by counsel at the hearing before the auditing judge. When the matter was called for attention by the court, counsel for the widow was asked whether the claim should be allowed, and that counsel replied in substance that it should not because Hassen had signed the paper transferring all his property that he had on the premises, of the value of $2,900, to the landlord in full settlement of the claim, and suggested that if the constable were present these facts could be proved. In other words, the first reply of counsel, who, we may assume, received the information from his client, was not that the claim was not due, but that it had been settled by a transfer of the tenant's property. When the constable was later called as a witness at a subsequent hearing, the widow failed to prove any such facts, but it developed that the constable had given a bill of sale for the chattels after they had been sold at public sale to the landlord, and that the only paper signed by decedent was a waiver of appraisement. There was also some uncontradicted evidence that $70 represented the full value of such property.

Although the widow and at least one of the daughters, who drew her father's checks, were present at the hearing, no evidence whatever was offered to controvert the claim. The check which was given on February 10, 1931, for the August rent of 1930 shows

rather conclusively that at that time the tenant was six months in arrears in the payment of his rent. There is the additional testimony that the landlord was urging the payment of rent in April after all of the rent for the entire term was then due, and at that time the landlord was claiming six hundred and some dollars. In view of the fact that Hassen and his family lived in the same building where his business was carried on and had some contacts with his store, they must have known something of his business affairs. It is significant that the members of the family did not give any evidence against the claim. We are of the opinion that there was sufficient competent evidence to support the findings.

The order of the lower court is affirmed.